IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE F. CRUZ-HERNANDEZ | : | CIVIL ACTION |
| v. | : | |
| JOHN THOMAS, et al. | : | No. 12-0173 |

**MEMORANDUM**

J. WILLIAM DITTER, JR., J.                                                                            March 27, 2012

Presently before this court is a <u>pro se</u> petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Jose F. Cruz-Hernandez, an inmate currently incarcerated in the State Correctional Institution in Chester, Pennsylvania. For the reasons that follow, the petition will be dismissed.

**I.   FACTS AND PROCEDURAL HISTORY:**[1]

On April 14, 2005, after a jury trial, Cruz-Hernandez was convicted of attempted aggravated assault, simple assault, and harassment. On April 15, 2005, Cruz-Hernandez was sentenced to a period of five to ten years of imprisonment and ordered to pay $3,499.09 in restitution. <u>See</u> Sentence Order (Berks Co. Ct. Com. Pl., April 15, 2005). The restitution was to be paid "subject to such conditions governing . . . restitution as established by the Berks County Parole Office, or the PA Board of Parole, as applicable."

---

[1] It plainly appears from the petition that Cruz-Hernandez fails to state a claim upon which habeas relief may be granted. As a result, I did not wait for an answer from Respondents as it would have unnecessarily delayed the judicial process. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition..."). Accordingly, the facts and procedural history recited herein are derived from Cruz-Hernandez's habeas petition and attached exhibits.

Id.

On April 5, 2010, Cruz-Hernandez filed a pro se "Application for Discharge from Payment of Fines and/or Costs." In his application, Cruz-Hernandez challenged the Department of Corrections' ("DOC") method of deducting sums from his inmate account claiming that the DOC was improperly "taking double payment of costs and fines and restitution." Commonwealth v. Cruz-Hernandez, No. CP-06-CR-4695-2004, at 1-2 (Berks Co. Ct. Com. Pl., June 7, 2010). Cruz-Hernandez requested that the trial court modify his original sentence by removing payments of fines, restitution, and/or costs. Id. at 2. Cruz-Hernandez's application for relief was denied on April 8, 2010. Id. On January 12, 2011, the Pennsylvania Superior Court affirmed the decision of the trial court. Commonwealth v. Cruz-Hernandez, No. 755 MDA 2010 (Pa. Super. Jan. 12, 2011). Cruz-Hernandez's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on December 12, 2011. Commonwealth v. Cruz-Hernandez, No. 161 MAL 2011 (Pa. Dec. 12, 2011).

On December 21, 2011,[2] Cruz-Hernandez filed the instant pro se petition for a writ of habeas corpus claiming that the Department of Corrections has violated his due process rights by withdrawing excessive amounts of money from his prison account in order to satisfy his restitution obligation.

---

[2] Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Cruz-Hernandez signed his habeas petition on December 21, 2011; therefore, I will assume that he presented his petition to prison authorities on that date.

**DISCUSSION:**

Under 28 U.S.C. § 2254, a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." It is well settled that habeas corpus relief is the exclusive remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment."[3]  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Heck v. Humphrey, 512 U.S. 477, 481-82 (1994).

In the instant petition, Cruz-Hernandez does not challenge the fact or duration of his sentence, but rather contests the procedures by which the Commonwealth is withdrawing his restitution payments. Because he does not challenge his state custody in any way, he has failed to set forth a cognizable claim for federal habeas corpus relief. As a result, his petition must be dismissed.

---

[3]I note that the remedy for a constitutional challenge to the actions of a state official acting under the color of state law is an action pursuant to 42 U.S.C. § 1983. Section 1983 states, in part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In so stating, however, I do not in any way comment on the merits or ultimate disposition of any claim that may be brought under this statutory provision. But see generally Reynolds v. Wagner, 128 F.3d 166, 179 (3d Cir. 1997) (inmates have a property interest in the funds held in an inmate account and are entitled to due process with respect to any deprivation of that money).